IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY STEPHENS,

    Plaintiff,

vs.                                                                No. _____

SUNSET TRUCKING, LLC and
SCOTT SWAFFORD,

    Defendants.

### COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURIES
### (JURY TRIAL DEMANDED)

For her complaint against the defendants, plaintiff makes the following averments:

1.    Plaintiff brings this action seeking damages for personal injury caused by the defendants' actions resulting in a heavy truck crash on August 24, 2013 in Colfax County, New Mexico.

### PARTIES AND JURISDICTION

2.    The plaintiff Mary Stephens is a citizen and resident of the State of Oklahoma.

3.    Upon information and belief, the defendant Sunset Trucking, LLC is a limited liability company organized under the laws of the State of Colorado with its principal place of business in Coaldale, Colorado.

1

4.      Upon information and belief, defendant Scott W. Swafford is a citizen and resident of the State of Colorado.

5.      There is complete diversity of citizenship between the plaintiff and the defendants.

6.      At all material times the defendant Sunset Trucking, LLC [hereinafter "Sunset Trucking"] was a motor carrier engaged in the business of interstate transportation of materials and goods through the State of New Mexico.  As such, Sunset Trucking engaged in the transaction of business within the State of New Mexico.  Both defendants committed tortious acts in the State of New Mexico.

7.      The amount in controversy, without interest and costs, exceeds the sum or value specified in 28 U.S.C. §1332.  Jurisdiction over the parties is appropriate pursuant to 28 U.S.C. §1332 and venue is proper in this court.

## FACTS OF THE CRASH

8.      At all material times, defendant Sunset Trucking was a motor carrier operating in interstate commerce under authority of the Federal Motor Carrier Safety Administration with a DOT permit number 637920 and docket number of MC310629. Sunset Trucking engaged in the transaction of business within the State of New Mexico and committed tortious acts within the State of New Mexico.

9.      At all material times, Sunset Trucking was the owner and/or lessee and motor carrier operating a tractor trailer driven by Scott Swafford.  Defendant Sunset Trucking individually authorized and was responsible for the use of that tractor trailer by Scott Swafford [hereinafter "Swafford"), who was operating under Sunset Trucking's

authority as a motor carrier.  The Sunset Trucking DOT number 637920 was displayed on the tractor.

10. At all material times, defendant Swafford was an employee or agent of defendant Sunset Trucking and was acting within the course and scope of his employment.

11. At approximately 5:00 p.m. on August 24, 2013, the defendants were operating a tractor trailer driving eastbound on Highway 87 in Colfax County near Raton, New Mexico.

12. The tractor trailer owned and operated by the defendants was a commercial motor vehicle operated in interstate commerce.

13. The defendants caused their tractor-trailer combination to attempt to make a left turn from the right hand or outside lane of eastbound Highway 87.  In making that left turn across the left hand or inside lane, the defendants stopped their tractor-trailer combination, blocking both eastbound lanes.

14. The plaintiff unavoidably crashed into the side of defendants' tractor trailer.

15. Plaintiff was seriously injured as a result of that crash.

## COUNT I –NEGLIGENCE

16. Plaintiff hereby realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

17. Defendants owed a duty of care to maintain and to operate their commercial motor vehicle in a safe manner and in compliance with all safety rules,

including statutes, federal rules and regulations governing the operation and maintenance of commercial motor vehicles, including tractor-trailers and safety rules widely used in the trucking industry.

18.     Defendants had a duty to maintain and operate the tractor-trailer so that it was safe to operate on public roads.

19.     Defendants had a duty to maintain and retain records of the operation and maintenance of the tractor-trailer involved in the crash.

20.     Defendant Sunset Trucking had a duty to be knowledgeable of and comply with all of the federal, state and industry standard safety rules applicable with its operations.

21.     Defendant Sunset Trucking had a duty to make sure that its employees, including defendant Swafford, were instructed in and complied with all federal, state and industry standard safety rules applicable to its operations.

22.     Defendants breached their duty of care by maintaining and operating their vehicle in a manner that was negligent or negligent *per se* or both, prior to the crash, including but not limited to:

   a.   failing to yield;

   b.   failing to keep proper lookout;

   c.   blocking lanes of traffic;

   d.   failure to train or to exercise due care in the operation and maintenance of the vehicle;

   e.   failure to make sure that the driver was knowledgeable and skilled in the safe operation of the vehicle;

      f.      operating a commercial vehicle in violation of existing codes, statutes and ordinances and industry standard safety rules;

23.      The negligence of the defendant Sunset Trucking, acting through its servant and employee Scott Swafford, caused serious injuries to Mary Stephens.

24.      As a direct, proximate and foreseeable result of the negligence of the defendants, plaintiff sustained physical injuries, endured pain and suffering and incurred medical and non-medical expenses and other losses.

25.      The defendant Scott Swafford was acting in the scope of his status as an employee and servant of defendant Sunset Trucking and had sufficient discretionary authority to act for the defendant Sunset Trucking with regard to the operation of that defendant's tractor-trailer.

## COUNT II – SAFETY VIOLATIONS, NEGLIGENT OPERATIONS, AIDING AND ABETTING

26.      Plaintiff hereby realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

27.      Defendant Sunset Trucking was the motor carrier and operator of the tractor-trailer involved in the collision described in this complaint.

28.      Defendants had non-delegable duties to maintain the commercial motor vehicle tractor-trailer involved in the collision in conformance with applicable federal and state safety rules and industry standards, including federal motor carrier safety regulations, and in such a way as to not harm the public.

29. Defendant Sunset Trucking had a duty to make sure its drivers, including Scott Swafford, were qualified to operate safely its commercial motor vehicles in such a way as not to harm the public.

30. Defendant Sunset Trucking had a duty to train its drivers, including Scott Swafford, to operate safely its tractor-trailers in such a way as to not harm the public.

31. Defendant Sunset Trucking had a duty to supervise its drivers, including Scott Swafford, to make sure that its tractor-trailers were operated in such a way as to not harm the public.

32. Defendant Sunset Trucking had a duty to require Scott Swafford to comply with federal, state and industry standard safety rules.

33. Defendants had a duty to comply with all applicable safety rules, including trucking industry safety standards, New Mexico traffic laws, and federal motor carrier safety regulations pertaining the hiring of drivers, operation of trucks, maintenance of commercial motor vehicles and other activities on interstate highways.

34. Defendants violated some or all of the duties alleged above.

35. Upon information and belief, defendant Sunset Trucking aided and abetted the defendant Scott Swafford in violating some or all of the duties alleged above.

36. The violation of their duties by the defendants Sunset Trucking and Scott Swafford was negligence and negligence *per se*.

37. The negligence and negligence *per se* of the defendants was a proximate cause of the collision described in this complaint, and the damages to plaintiff.

38. The negligence and negligence *per se* of the defendants involved the operation of a commercial motor vehicle upon the highways of this state, the transaction

of business within the State of New Mexico and the commission of tortious acts that concluded in the State of New Mexico and caused damages within the State of New Mexico.

39. The actions of the defendants were willful, wanton, and reckless and done without regard to the safety and welfare of the public. The plaintiff is therefore entitled to recover punitive and exemplary damages.

WHEREFORE, plaintiff prays for the following relief:

A. For judgment in her favor and against the defendants in amounts to be proven at trial as allowed by New Mexico law, together with pre-judgment and post-judgment interest and costs;

B. For punitive damages for the limited purpose of punishment and to deter others from like behavior;

C. For such other and further relief as the Court deems just and proper;

D. Trial by jury is respectfully requested.

        Respectfully submitted,

        BARBER & BORG, LLC

        By:____*/s/ Paul D. Barber*_____
            Paul D. Barber
            P.O. Box 30745
            Albuquerque, NM  87190
            (505) 884-0004
            Attorneys for Plaintiff